Case No.    **ED CV 19-1820-JFW(KKx)**                    Date: November 12, 2019

Title:      Charanjot Singh -v- 7-Eleven, Inc., et al.

**PRESENT:**
           **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

           Shannon Reilly                              None Present
           Courtroom Deputy                            Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
               None                                        None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

  On September 23, 2019, Plaintiff Charanjot Singh ("Plaintiff"), pro se, filed a Complaint in this Court against Defendants 7-Eleven, Inc., Tammy Rozga, David James Marks, and Joe Depinto (collectively, "Defendants"). In the Civil Cover Sheet, Plaintiff alleged that the Court had subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a). However, in his Complaint, Plaintiff failed to adequately allege the facts essential for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Specifically, Plaintiff failed to allege the citizenship of himself or Defendants Tammy Rozga, David James Marks, or Joe Depinto. In addition, Plaintiff failed to allege that the amount in controversy exceeded $75,000.

  Accordingly, on October 31, 2019, the Court notified Plaintiff of the specific jurisdictional deficiencies in his Complaint and ordered him to show cause why this action should not be dismissed for lack of subject matter jurisdiction. The Court advised that an amended complaint which corrected the jurisdictional defects identified by the Court would be considered a satisfactory response to the Order to Show Cause.

  On November 8, 2019, Plaintiff filed a First Amended Complaint. However, Plaintiff's First Amended Complaint fails to correct the jurisdictional defects identified by the Court. As stated in the Court's prior order, diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). However, in his First Amended Complaint, Plaintiff again fails to allege the citizenship of Defendants Tammy Rozga, David James Marks, or Joe Depinto.

  Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction,

*sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court").

Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.